IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

HAROLD FRANKLIN WALTERS, :

    Petitioner, :

v. :
                              CIVIL ACTION 12-0728-WS-M

UNITED STATES OF AMERICA, :

    Respondent. :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2241 by a former criminal defendant who was prosecuted, convicted, and sentenced in this Court (Doc. 1). This action has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c) and is now ready for consideration. The record is adequate to determine Petitioner's claims; no evidentiary hearing is required. It is recommended that the instant petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Harold Franklin Walters. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

On July 29, 2005, a jury found Walters guilty of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

1

*United States v. Walters*, 05-00145-CG-M (S.D. Ala. July 29, 2005) (Doc. 26). On October 6, 2005, Judge Granade sentenced Petitioner to ninety-seven months imprisonment to be followed by supervised release for life (*id.* at Doc. 36). On June 29, 2006, the Eleventh Circuit Court of Appeals affirmed the conviction (*id.* at Doc. 42).

On March 15, 2010, Walters filed a Motion to Vacate his conviction under 28 U.S.C. § 2255 (*id.* at Doc. 44). On June 11, 2010, that action was dismissed as time-barred under the Anti-terrorism and Effective Death Penalty Act of 1996; judgment was entered at that time (hereinafter *AEDPA*) (*id.* at Docs. 51-52).

Petitioner subsequently filed an application with the Eleventh Circuit Court of Appeals authorizing this Court to consider a second Motion to Vacate; Walters's asserted basis for that application was that he had received ineffective assistance of counsel which he could not discover because his attorney had been disbarred at a later time (*see id.* at Doc. 56). On October 5, 2010, the Court of Appeals denied the application, finding that Walters had "failed to demonstrate that such newly discovered evidence would 'establish by clear and convincing evidence' that no reasonable factfinder would find him guilty of the offence" for which he had been convicted (*id.* at p. 4).

On November 14, 2011, Petitioner again applied for leave to

file a second Motion to Vacate pursuant to 28 U.S.C. § 2255 with the Eleventh Circuit Court of Appeals, raising two claims of newly-discovered evidence. *Walters v. United States*, Appeal No. 11-15325-D (11th Cir. November 14, 2011). The Appellate Court denied the application, finding as follows:

> In his application, Walters's first claim is that his appellate counsel failed to timely file a § 2255 motion, raised only one claim and failed to file a reply brief on direct appeal, and did not inform him that his direct appeal had been denied. Walters indicates that this claim relies upon newly discovered evidence because he only learned of his appellate counsel's misleading behavior over the last several months, and because counsel, after Walters's conviction had become final, had been indicted on two counts of forgery and reprimanded, suspended, then disbarred by the Alabama Bar. However, this evidence, even if true, cannot show that Walters was actually, factually innocent of possession of child pornography because any alleged errors by his appellate counsel did not impact his trial or sentencing proceedings. *See* 28 U.S.C. 2255(h)(1). Therefore, this claim does not meet the statutory criteria [for approving a second motion to vacate].
> Walters's second claim is that he has not been provided with the original copies of three emails that the government allegedly used at trial to prove that he had access to a pornographic web site and used his credit card. He asserts that his credit card statements do not reflect these alleged charges, and that he has diligently, but unsuccessfully, attempted to obtain the originals from various governmental agencies since his conviction. Walters also argues

> that the alleged "taped confession" that the government has "suggested" is, in fact, non-existent because neither he nor his attorneys has ever seen it. Walters indicates that this claim relies upon newly discovered evidence, stating that he has attempted to get access to the original emails from the government, and that the taped confession does not exist. However, the original emails that Walters seeks access to are not "new" evidence within the meaning of § 2255(h) because he admits that they were introduced at trial. *See id.* In addition, Walters has given no explanation for how his purported taped confession would cause no reasonable factfinder to find him guilty of possessing child pornography. Therefore, his second claim does not meet the statutory criteria. *See id.*
> Accordingly, because Walters has failed to make a *prima facie* showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is hereby DENIED.

*Walters v. United States*, Appeal No. 11-15325-D, pp. 2-3 (11th Cir. December 13, 2011).

On February 22, 2012, Petitioner filed this action in the U.S. District Court for the Western District of Louisiana, raising claims of actual innocence and newly-discovered evidence (Doc. 1). On November 30, 2012, the action was transferred to this Court (Docs. 5-6).

Walters has brought this action pursuant to 28 U.S.C. § 2241(a). Ordinarily, a convicted federal defendant challenges

his conviction or sentence, once appeals are exhausted, under 28 U.S.C. § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir.), *cert. denied*, 540 U.S. 900 (2003). However, "[u]nder the savings clause of § 2255, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Sawyer*, 326 F.3d at 1365. This use of this "savings clause" in § 2255(e) can be used only when

> (1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). After satisfying this three-part test, the § 2241 claimant must then demonstrate actual innocence before the Court can consider the merit of the claims brought before the Court. *Id.* at n.3.

In this action, Petitioner seeks to avail himself of *House v. Bell*, 547 U.S. 518 (2006), a case in which the United States Supreme Court analyzed the showing necessary for an actual innocence claim to overcome a procedural bar. The Court finds, however, that *House* is inapplicable here as Walters has not

5

satisfied the three-part requirement of *Wofford*, showing that he can bring this action under § 2241. Until he accomplishes that, Petitioner does not get to the actual innocence argument.

Nevertheless, out of an abundance of caution, the Court will consider Walters's actual innocence claim.

The U.S. Supreme Court, in *Schlup v. Delo*, 513 U.S. 298, 324 (1995), has stated that, in raising an actual innocence defense to a procedural bar, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." The evidence presented "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. In other words, Petitioner must persuade this Court, "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. A court can consider constitutional infirmities only after this threshold has been met.

In this action, the Court notes that Petitioner offers only assertions of his innocence (Docs. 1, 15). However, there is no offer of new evidence in this action. Walters's "new evidence"

was presented to the Eleventh Circuit Court of Appeals which, in ruling on Walters's second application, specifically found that the evidence was not new as it had been presented at trial. *Walters v. United States*, Appeal No. 11-15325-D, p. 2 (11th Cir. December 13, 2011). The Court finds that Petitioner's claim gains no new gravitas here dressed in a § 2241 petition.

In summary, Petitioner has brought this § 2241 petition, asserting actual innocence and "new evidence." The Court finds that Petitioner has not satisfied the three-part *Wofford* test for proceeding under § 2241. Additionally, the Court finds that Petitioner has not demonstrated that he is actually innocent of his conviction of possession of child pornography and that he has failed to present "new evidence" of his innocence.

Therefore, it is recommended that this petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Harold Franklin Walters.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute

makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Walters has not demonstrated that he meets the requirements for bringing this § 2241 action, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Walters should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 12th day of August, 2013.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE